UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELICIA DYDELL,

        Plaintiff,

v.                                                                                         Case No. 2:25-cv-2532-JMK-JBW

WILLIAM DeNOBLE, et al.,

        Defendants.

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff filed a Complaint asserting a claim for assault and battery against Defendant William DeNoble and claims for negligent hiring, training, and instruction against Defendants Shiftkey, LLC; Clearsky Health Acquisition, LLC; and Clearsky Rehabilitation Hospital of Elwood-St. Joseph, LLC. Plaintiff's sole basis for subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. §1332(a). Plaintiff alleges in her Complaint that she is a citizen of the state of Missouri. She alleges Defendant William DeNoble is a citizen of the state of Kansas. The Complaint also alleges the three other Defendants are limited liability companies but provides no information regarding the citizenship of their members.

On December 5, 2025, Defendant Shiftkey, LLC filed a corporate disclosure statement (Dkt. 19) but provided no information regarding the citizenship of its LLC members. On December 15, 2025, Defendants Clearsky Health Acquisition, LLC and Clearsky Rehabilitation Hospital of Elwood-St. Joseph, LLC ("Clearsky Defendants") filed disclosure statements pursuant to Fed. R. Civ. P. 7.1 (Dkts. 20 & 21) stating no member of their ultimate parent entity "is a resident of the State of Missouri."

At the January 15, 2026 scheduling conference, the Court ordered Defendant Shiftkey, LLC to file a disclosure statement identifying the citizenship of its LLC members, as required by Fed. R. Civ. P. 7.1(a)(2).

On June 9, 2026, the Court entered an order requiring the filing of supplemental citizenship disclosure statements (Dkt. 54). The Court noted that in this diversity case, Fed. R. Civ. P. 7.1(a)(2) requires each party file a disclosure statement to "name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party." The Court found Defendant Shiftkey, LLC had not filed any such disclosure statement from which the Court could determine whether it has jurisdiction based upon diversity of citizenship. The Court also found the disclosure statements (Dkts. 20 & 21) filed by the Clearsky Defendants were not sufficient because they failed to name the LLC members, identify their citizenship, or even indicate whether the LLC members are individuals or other business entities. The Court's Order required disclosure of the LLC members' citizenship to be traced through "however many layers necessary to reach either a corporation or a natural person," citing *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1304 (10th Cir. 2025).

On June 10, 2026, Defendant Shiftkey, LLC filed an amended Rule 7.1 disclosure statement (Dkt. 55) identifying the LLC members for each LLC parent until reaching a corporation and disclosing the corporation's citizenship as "Delaware/Ohio."

On July 29, 2026, the Clearsky Defendants filed an Affidavit (Dkt. 60) regarding the citizenship of the Clearsky Defendants. The Affidavit indicates that after tracing the members of the LLCs through multiple levels, LLC member Leavitt Equity Partners II, LP has "dozens of partners including SSM Health Care Portfolio Management Company, a non-profit incorporated in Missouri."

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[1] A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[2] and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[3] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[4] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[5]

For the purposes of establishing diversity jurisdiction, the citizenship of a limited liability company is determined by that of its members, not by its state of organization or its principal place of business like a corporation.[6] This requires a party to "to identify each [LLC] member and that

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

[2] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[6] *Siloam Springs Hotel, LLC. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

member's citizenship, proceeding through each layer until a corporation's or natural person's citizenship [is] identified."[7]

In this case, Plaintiff asserts the Court has subject-matter jurisdiction based upon diversity of citizenship of the parties. The recent filing of the Clearsky Defendants' Affidavit (Dkt. 60) raises an issue whether there is complete diversity of citizenship between Plaintiff, a citizen of Missouri, and the Clearsky Defendants. Their Affidavit indicates that after tracing member citizenship through all the layers necessary to reach a corporation, one LLC member, Leavitt Equity Partners II, LP has "dozens of partners including SSM Health Care Portfolio Management Company, *a non-profit incorporated in Missouri*." (emph. added). This suggests both the Clearsky Defendants may have an LLC member with Missouri citizenship. If accurate, the Clearsky Defendants would not be diverse from Plaintiff, and the Court would lack subject-matter jurisdiction over Plaintiff's claims against the Clearsky Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff shall show good cause in writing to District Judge Jeffrey M. Kuhlman, **on or before August 28, 2026**, why the Court should not dismiss this action without prejudice for lack of subject-matter jurisdiction under 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated August 5, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[7] *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025).