**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FELICIA DYDELL,**

**Plaintiff,**

**v.**

**WILLIAM DENOBLE, et al.,**

**Defendants.**

**Case No. 2:25-cv-02532-JMK-JBW**

# MEMORANDUM AND ORDER

Plaintiff Felicia Dydell, a citizen of Missouri, brought this action asserting claims against Defendants William DeNoble, Shiftkey, LLC, Clearsky Health Acquisition, LLC, and Clearsky Rehabilitation Hospital of Elwood-St Joseph, LLC, arising out of an assault and battery against Dydell that took place while Dydell was a resident of Defendant ClearSky's facility in Elwood, Kansas. Doc. 1. Dydell's sole basis for subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. *Id.*

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). In determining citizenship for diversity purposes, a corporation is a citizen of the state where it is incorporated and where its principal place of business is located. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). With respect to LLCs, the citizenship is determined by each member of the LLC. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

On July 29, 2026, Clearsky Health Acquisition, LLC, and Clearsky Rehabilitation Hospital of Elwood-St. Joseph, LLC, filed an affidavit indicating that, after tracing the members of the LLCs through multiple levels, one member is a limited partnership with "dozens of partners,"

including a non-profit corporation incorporated in Missouri. Doc. 60. Because Dydell is also a citizen of Missouri, the magistrate judge issued an order that Dydell show good cause why the Court should not dismiss the action without prejudice for lack of subject-matter jurisdiction under 28 U.S.C. § 1332. Doc. 61. Dydell did not respond to the Order.

Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Dydell has failed to show that the Court has subject-matter jurisdiction over this action, and so, the Court must dismiss it. *Shields L. Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024).

THE COURT THEREFORE ORDERS that Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

This case is closed.

IT IS SO ORDERED.

Dated: September 9, 2026

s/ Jeffrey M. Kuhlman
JEFFREY M. KUHLMAN
UNITED STATES DISTRICT JUDGE